No. 20-15946

# United States Court of Appeals for the Ninth Circuit

───────────────────────────────

IGNACIO PEREZ, individually and on behalf of himself and all others similarly situated,

*Plaintiff-Appellee*,

v.

RASH CURTIS & ASSOCIATES,

*Defendant-Appellant*.

───────────────────────────────

Appeal from the United States District Court
for the Northern District of California
(No. 4:16-cv-3396—Hon. Yvonne Gonzalez Rogers)

───────────────────────────────

**MOTION OF FACEBOOK, INC., FOR LEAVE TO FILE OUT OF TIME BRIEF AS AMICUS CURIAE IN SUPPORT OF APPELLANT**

───────────────────────────────

Roman Martinez
   *Counsel of Record*
Andrew B. Clubok
Susan E. Engel
Michael Clemente
Gregory B. in den Berken
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
roman.martinez@lw.com

January 6, 2021

*Counsel for Amicus Curiae Facebook, Inc.*

# INTRODUCTION[1]

This appeal presents a question that has enormous significance for litigation under the Telephone Consumer Protection Act (TCPA) and for First Amendment law generally. Appellant Rash Curtis & Associates was found liable for violating the TCPA's restriction on making calls with an automatic telephone dialing system (ATDS), 47 U.S.C. § 227(b)(1)(A)(iii). In *Barr v. American Association of Political Consultants, Inc.* (*AAPC*), 140 S. Ct. 2335 (2020), the Supreme Court held that the ATDS restriction was rendered unconstitutional by a 2015 amendment that exempted calls made to collect government-backed debt. The Court held that the discriminatory exemption should be severed and could no longer apply prospectively. *AAPC*, 140 S. Ct. at 2352-55 (Kavanaugh, J., announcing judgment of the Court). One of Rash Curtis's arguments in this appeal is that *AAPC*'s holding precludes imposing liability for any call made using an ATDS while the unconstitutional discrimination was in effect. *See* Rash Curtis Br. 64-66. If this Court disagrees with Rash Curtis's other arguments for reversal, it may need to reach this issue and resolve how *AAPC*'s holding affects ATDS calls made while the 2015 amendment was in effect.

---

[1] In accordance with Ninth Circuit Rule 29-3, Facebook has sought the parties' consent to the filing of the accompanying amicus brief. Appellant consents to its filing, but Appellee does not consent.

Facebook, Inc., agrees with Rash Curtis that such calls cannot trigger liability under the TCPA's ATDS restriction and respectfully moves for leave to file the attached amicus brief. That brief explains Facebook's interest in this appeal and details why the First Amendment and severability doctrine preclude imposing liability under the ATDS restriction for conduct that occurred while the provision was unconstitutional. Whether and how to apply *AAPC*'s holding to ATDS calls made when the unconstitutional version of the restriction was in effect is a major question under the TCPA, with enormous significance to litigants within this Circuit and across the country. The question is complex, and warrants treatment beyond the handful of pages Rash Curtis was able to devote to the issue in its merits brief. Leave is thus appropriate because Facebook's participation may help the Court properly resolve the issue, if the Court ultimately needs to address it.

## ARGUMENT

**I.      FACEBOOK HAS AN INTEREST IN THIS APPEAL AND ITS PROPOSED AMICUS BRIEF IS RELEVANT TO RASH CURTIS'S FIRST AMENDMENT ARGUMENT**

Facebook is a technology company with a direct and substantial interest in this case. Facebook's mission is to give people the power to build community and bring the world closer together. To that end, Facebook operates services used by more than 3.2 billion people around the world every month, including more than 255 million in the United States and Canada. People use Facebook's apps and

2

technologies to connect with friends and family, find communities, and grow businesses. In recent years, Facebook has been sued in multiple jurisdictions for allegedly violating the TCPA's restriction on making calls to cellphones with an ATDS, 47 U.S.C. § 227(b)(1)(A)(iii). *See, e.g.*, *Duguid v. Facebook, Inc.*, 926 F.3d 1146 (9th Cir. 2019), *cert. granted on statutory question*, 141 S. Ct. 193 (July 9, 2020); *Holt v. Facebook, Inc.*, 240 F. Supp. 3d 1021 (N.D. Cal. 2017); *Brickman v. Facebook, Inc.*, 230 F. Supp. 3d 1036 (N.D. Cal. 2017). Facebook thus has a particular interest in ensuring that the TCPA is applied consistent with the First Amendment.

Facebook's participation may help the Court adjudicate the First Amendment issue raised in Rash Curtis's brief if the Court needs to address it. Given the numerous issues presented, Rash Curtis's brief devotes only three pages to discussing the First Amendment issue. *See* Rash Curtis Br. 64-66. But the issue raises complex questions about *AAPC*'s First Amendment and severability holdings—as well as severability and retroactivity more generally—and has already divided district courts across the country.[2]

---

[2] *Compare, e.g.*, *Hussain v. Sullivan Buick-Cadillac-GMC Truck, Inc.*, No. 20-cv-38, 2020 WL 7346536, at *3 (M.D. Fla. Dec. 11, 2020); *Lindenbaum v. Realgy, LLC*, No. 19-cv-2862, 2020 WL 6361915, at *5-7 (N.D. Ohio Oct. 29, 2020); *Creasy v. Charter Commc'ns, Inc.*, No. 20-cv-1199, 2020 WL 5761117, at *4-6 (E.D. La. Sept. 28, 2020), *with Trujillo v. Free Energy Savs. Co.*, No. 19-cv-2072, 2020 U.S. Dist. LEXIS 239730, at *4-10 (C.D. Cal. Dec. 21, 2020); *Shen v.*

3

Facebook's amicus brief is devoted entirely to the First Amendment issue. Facebook's brief explains in detail why *AAPC*, the First Amendment, and severability doctrine all preclude imposing liability for ATDS calls made while the ATDS restriction was unconstitutional. In short, Facebook seeks to "fulfill[] the classic role of [an] amicus curiae by assisting in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration." *Miller-Wohl Co., Inc. v. Comm'r of Labor & Indus.*, 694 F.2d 203, 204 (9th Cir. 1982).

Facebook thus has an interest in this appeal and its amicus brief is both "desirable" and "relevant to the disposition" of this appeal. Fed. R. App. P. 29(a)(3).

## II. FACEBOOK SHOULD BE ALLOWED TO FILE ITS AMICUS BRIEF OUT OF TIME

Facebook recognizes that the normal time for filing an amicus brief in support of Rash Curtis has passed, but allowing Facebook to file its brief out of time is appropriate here. Rash Curtis acknowledges that it raised the First Amendment issue "for the first time on appeal" to this Court, after the Supreme Court's *AAPC* ruling in July. Rash Curtis Br. 65-66 n.8. Facebook only became aware that Rash Curtis was litigating the First Amendment issue in mid-December, shortly before the

---

*Tricolor Cal. Auto Grp., LLC*, No. 20-cv-7419, 2020 WL 7705888, at *4 (C.D. Cal. Dec. 17, 2020).

4

holidays. Since then, Facebook and its counsel have worked expeditiously to research the issue and prepare a brief that will assist the Court in its decision.

Allowing Facebook to file its amicus brief will not unduly delay the resolution of this appeal. Briefing is still ongoing and no oral argument has been scheduled. Nor would permitting Facebook to file its brief out of time unfairly prejudice Appellee Ignacio Perez. As it stands, Appellee's brief is due January 27—so there remains a substantial amount of time for Appellee to consider and respond to Facebook's arguments. And, if the Court deems it appropriate, Federal Rule of Appellate Procedure 29(a)(6) authorizes the Court to grant Appellee the opportunity to respond separately to Facebook's brief.

This Court has granted leave to file amicus briefs out of time in other cases involving similar circumstances. *See, e.g.*, Order (ECF No. 42), *Lanuza v. Love*, No. 15-35408 (9th Cir. Sept. 14, 2017); Order (ECF No. 51), *Saticoy Bay, LLC Series 2714 Snapdragon v. Flagstar Bank, FSB*, No. 16-15478 (9th Cir. Sept. 11, 2017); Order (ECF No. 49), *Ferguson v. Corinthian Colls., Inc.*, No. 11-56965 (9th Cir. July 18, 2013). Facebook respectfully asks the Court to exercise its discretion to authorize Facebook's amicus participation here as well.

## CONCLUSION

The Court should grant Facebook leave to file the accompanying amicus brief and should direct the Clerk to accept the proposed brief for filing.

5

Dated: January 6, 2021    Respectfully submitted,

*/s/ Roman Martinez*
Roman Martinez
  *Counsel of Record*
Andrew B. Clubok
Susan E. Engel
Michael Clemente
Gregory B. in den Berken
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
roman.martinez@lw.com

*Counsel for Amicus Curiae Facebook, Inc.*

## CERTIFICATE OF COMPLIANCE

This motion complies with the page-volume limitations of Ninth Circuit Rule 27-1(d) because this motion spans 5 pages, excluding the parts exempted under Ninth Circuit Rule 27-1(d). This motion has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font.

Dated: January 6, 2021   /s/ *Roman Martinez*
                         Roman Martinez